

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8738 | **DATE** | 9/3/2003 |
| **CASE TITLE** | ORLONDO D. VIRGIL vs. JOHN E. POTTER, Postmaster General, | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to dismiss [24-1] is granted and Plaintiff's complaint is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 1 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 33 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | SEP 10 ... | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ORLONDO D. VIRGIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 01 C 8738 |
| v | ) |
| | ) Judge Ronald A. Guzmán |
| | ) |
| JOHN E. POTTER, Postmaster General, | ) |
| United States Postal Service, | ) |
| | ) SEP 1 1 2003 |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending is Defendant John E. Potter, Postmaster General's motion to dismiss the second amended complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, this motion is granted.

## BACKGROUND FACTS

Even though the plaintiff's alleged facts may not be considered "well pleaded," they must be taken as true for the purpose of this motion. Plaintiff alleges that he sustained a work related injury which caused him to make medical leave requests. (Am. Compl. p.1). Plaintiff further alleges that in considering his requests for medical leave, the management physically harassed and discriminated against him because of a physical ailment. (*Id.*) The plaintiff seeks punitive and compensatory damages in excess of $250,000 as well as full reinstatement and back pay.

1

## DISCUSSION

A complaint may be dismissed under Fed. R. Civ. Proc. 12(b)(6) if it appears beyond a reasonable doubt that it states no actionable claim - that there are no facts to support the allegations. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520-1 (1972); *Lockhart v. United States*, 961 F.Supp. 1260, 1264 (N.D. Ind. 1997); *Whitehead v. Webster*, 1992 WL 159184, at *1 (N.D. Ill. 1992). In deciding a Rule 12(b)(6) motion, the court is required to view allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Lockhart* at 961 F.Supp. at 1264. In addition, complaints by *pro se* parties should not be held to the stringent standards of pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. at 520. However, even under Fed. R. Civ. Proc. 8(a) notice pleading and the liberal standard applied to *pro se* pleadings, all complaints must include allegations of all the material elements of the claim(s). *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).

In its motion to dismiss, Defendant raises a threshold issue of timeliness. Defendant alleges that Mr. Virgil's claim is untimely under the Rehabilitation Act because he failed to file his complaint within the 90 day period set by the Equal Employment Opportunity Commission ("EEOC"). (Def.'s Mot. Dismiss ¶ 6). This Court agrees. The filing of an EEOC charge within the 90 day period is "not a jurisdictional prerequisite to be filed as a federal lawsuit, but rather, is more akin to a statute of limitations and subject to ... equitable tolling under appropriate circumstances." *Baumgardner v. County of Cook*, 2001 WL 881246, at *3 (N.D. Ill. 2001) quoting (*Hentosh v. Herman M. Finch Univ. of Health Sciences*, 167 F.3d 1170, 1174 (7th Cir. 1999)). In the Seventh Circuit, the 90 day period begins to run upon

2

receipt of the right to sue notice from the EEOC by the plaintiff. *See Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999); *Saunders v. Am. Warehousing Servs., Inc.*, 2003 WL 21266652, at *2 (N.D.Ill. 2003). Mr. Virgil received a final decision by the EEOC on August 10, 2001. (Compl. ¶ 8(b)). According to the EEOC guidelines, the decision letter stated that Plaintiff had 90 calendar days from the date of receipt to file a civil action in district court. (Letter from EEOC p.1). This action was filed on November 13, 2001, which is more than 90 days after receipt of the letter. *See* Fed. R. Civ. Proc. 6(a); 29 C.F.R. § 1614.407(c). Additionally, the plaintiff has not alleged that the time should have been tolled for any reason during the period between August 10, 2001 and November 13, 2001. Therefore, this action is untimely.

Even though this action is untimely, the Court feels compelled to discuss the action pursuant to the motion to dismiss. Defendant interprets the second amended complaint as attempting to set out a claim under the Rehabilitation Act of 1973 and argues that this claim should be dismissed because Plaintiff has not plead the essential elements. Defendant assumes the claim would be brought under the Rehabilitation Act instead of the Americans with Disabilities Act ("ADA") because "the ADA specifically excludes government employers." *Ozlowski v. Henderson*, 237 F.3d 837, 842 (7th Cir. 2001). Under the Rehabilitation Act, "a plaintiff is entitled to relief if he or she is an 'otherwise qualified handicapped individual' for the purposes of the Act and was terminated because of this handicap." *Whitehead*, 1992 WL 159184, at *2 quoting (29 U.S.C. § 794; *Reynolds v. Brock*, 815 F.2d 571, 573 (9th Cir. 1987)). "A handicapped individual is defined as any person who '(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of

3

such an impairment, or (iii) is regarded as having such an impairment.'" *Whitehead*, 1992 WL 159184, at *2 quoting (29 U.S.C. § 706(7)(B)). In order to be considered "qualified" an "employee must '(1) satisfy the legitimate prerequisites for that alternative position, and (2) be able to perform the essential functions of that position with or without reasonable accommodations.'" *Ozlowski*, 237 F.3d at 840 quoting (*Dalton v. Subaru-Isuzu Automotive, Inc.*, 141 F.3d 667, 678 (7th Cir. 1998)).

In his complaint, Plaintiff alleges that he is entitled to relief because he has a "physical impairment" and was discriminated against because of this impairment. However, this is not sufficient to establish a valid claim, because Plaintiff fails to adequately plead that he is a "handicapped individual" within the meaning of the Rehabilitation Act. *See Jackson v. Sears Logistics Servs. Inc.*, 1997 WL 701347, at *1 (N.D. Ill. 1997). Mr. Virgil has never explained his "physical impairment" as substantially limiting his major life activities. Nor has he alleged that he has a record of such an impairment or that his employer regarded him as having such an impairment. In fact, Mr. Virgil has never explained his "impairment" at all. Therefore, Plaintiff has failed to establish that his condition qualifies him for protection under the Rehabilitation Act. *See Whitehead*, 1992 WL 159184, at *2.

Furthermore, Plaintiff has not alleged that he was "qualified" for the position. There have been no facts regarding the requirements for the position or Mr. Virgil's ability to perform the essential functions of the position. The complaint is completely void of any discussion about the position from which he was terminated. *See Ozlowski*, 237 F.3d at 840.

4

Lastly, while Mr. Virgil alleges that he was discriminated against because of his physical impairment, he never alleges that his termination was solely based on his impairment. In fact, he states that management made the decision "to reprimand and fire me for failure to maintain a regular schedule." (Compl. p.1). This calls into question the essential element of termination being because of the handicap. *See Whitehead*, 1992 WL 159184, at *2.

Defendant also interprets the complaint as attempting to set out a claim for physical assault committed by Mr. Virgil's former supervisor. Again, Plaintiff has failed to allege any facts showing an assault. In addition, this claim is improper because the exclusive remedy for any common law claim against a federal employee acting within the scope of his or her employment is a suit against the United States under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2679(b)(1); *Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998); *Sullivan v. Freeman*, 944 F.2d 334, 335 (7th Cir. 1991). Accordingly, the Postmaster General is not subject to suit under the FTCA. *See id.*

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted and Plaintiff's complaint is dismissed with prejudice.

**SO ORDERED**                                **ENTERED:** 9/3/03

Ronald A. Guzmán
United States Judge

5